Stephen D. Benedetto (#022349)
THE PEOPLE'S LAW FIRM, PLC
645 North 4th Avenue, Suite A
Phoenix, Arizona  85003
Telephone:  (602) 456-1901
Facsimile:   (602) 801-2834
admin@the-plf.com

John E. Kelly, Esq. (#024716)
KELLY LAW TEAM, P.L.L.C.
One East Washington, Suite 500
Phoenix, Arizona  85004
Telephone:  (602) 283-4122
Facsimile:   (602) 281-6885
john@klawteam.com

*Attorneys for Plaintiff Veronica Pacheco*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Veronica Pacheco, a single woman, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Takata Corporation, a foreign corporation; TK Holdings, Inc., a foreign corporation; Ford Motor Company, a foreign corporation; | (JURY TRIAL DEMANDED) |
| Defendants. | |

For her Complaint against Defendants, Plaintiff Veronica Pacheco, through undersigned counsel, hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Veronica Pacheco is a single woman residing in Maricopa County, Arizona. At all times relevant to her Complaint against Defendants, Plaintiff's grandmother, Maria Pacheco, was the owner of a 2006 Ford Mustang, VIN 1ZVFT80N465241127 (the "Vehicle"), and Plaintiff was using the Vehicle with her grandmother's permission and consent.

2. Upon information and belief, Defendant Takata Corporation ("Takata") is a foreign, for-profit corporation with its principal place of business in Tokyo, Japan. Takata manufactures automotive safety systems, including airbag systems, for distribution throughout the United States, including in the State of Arizona. Takata delivers these products into the stream of commerce with the expectation that they will be purchased by consumers throughout the United States, including in the State of Arizona.

3. Upon information and belief, Defendant TK Holdings, Inc. ("TK") is a foreign, for-profit corporation and subsidiary of Takata Corporation, incorporated and headquartered in the State of Michigan. TK manufacturers automotive safety systems, including airbag systems, for distribution throughout the United States, including in the State of Arizona. Takata delivers these products into the stream of commerce with the expectation that they will be purchased by consumers throughout the United States, including in the State of Arizona.

4. Defendants Takata and TK (collectively referred to hereinafter as the "Takata Defendants") are the manufacturers of the defective airbag at issue in this Complaint.

5. Defendant Ford Motor Company ("Ford") is a foreign, for-profit corporation incorporated in Delaware and headquartered in Michigan. Ford manufacturers motor vehicles for distribution throughout the United States, including in the State of Arizona.

6. Ford is the manufacturer of the Vehicle at issue in this Complaint.

7. Jurisdiction is proper in this Court based on diversity, pursuant to 28 U.S.C. § 1332, insofar as the matter in controversy exceeds $75,000 and Plaintiff is a citizen of the State of Arizona while Defendants are citizens of Japan, Michigan, and Delaware, respectively.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events and/or omissions giving rise to the claims occurred in this district.

## **GENERAL ALLEGATIONS**

### The Accident

9. In July 2016, Plaintiff Veronica Pacheco ("Plaintiff") was a 22-year-old woman living in southern Phoenix, Arizona.

10. Ms. Pacheco's grandmother had purchased the Vehicle in January 2011: At the time, the Vehicle had approximately 122,000 miles on it, and had been owned by numerous prior owners.

11. At the time, Plaintiff was 34-months pregnant. A nursing student who was awaiting the birth of her first child, Plaintiff had a detailed birth plan that involved specific healthcare providers and locations.

12. On the morning July 20, 2016 Plaintiff was driving the Vehicle through her neighborhood in southern Phoenix, Arizona.

13. Shortly before 6 a.m., Plaintiff was driving north on 7th Street when a driver entered the roadway from a residential street, attempting to make a left-hand turn in front of her.

14. Plaintiff slammed on her brakes but was unable to avoid the collision with the adverse driver (the "Accident").

15. Immediately after the collision, the Vehicle's driver's-side airbag deployed, exploding with such force that it fractured both of her wrists.

16. Plaintiff was rushed to the hospital for emergency care for injuries as well as potential trauma-related complications related to her pregnancy.

17. Plaintiff was immediately admitted to the Emergency Department at Banner's University Medical Center in Phoenix. She underwent an emergency evaluation by an obstetrician who identified symptoms consistent with fetal maternal hemorrhage and observed a "non-reassuring fetal heartbeat."

18. At the physician's recommendation, Plaintiff underwent an emergency caesarian procedure to save the life of her child.

19. On January 27, 2017 months after her injury, Plaintiff's grandmother received an "Urgent Safety Recall" notice from Ford indicating that a repair was necessary because "[t]he front driver side airbag inflator housing may rupture and deploy abnormally in the event of a crash necessitating deployment of the driver side frontal airbag."

### The Defective Airbag System

20. The Vehicle's airbag system was defective and unreasonably dangerous – a fact that, while unknown to Plaintiff, was well-known to Takata, TK, and Ford (collectively, the "Defendants") for years prior to the Accident.

21. In the late 1990s, Takata began manufacturing its airbags with a chemical propellant known as ammonium nitrate – a compound that was cheaper, and more unstable, than the chemical propellant it had previously been using. Combined with a defectively designed and manufactured inflator (the "Defective Inflator"), the new compound resulted in a series of violent explosions following ordinary motor vehicle collisions.

22. For over a decade beginning in 2003, a series of consumer complaints and lawsuits began to emerge of individuals being injured by exploding Takata airbags as a result of Defective Inflators.

23. Indeed, at the time Defendants manufactured the Vehicle and its components, all Defendants were well-aware of industry-wide complaints about Takata airbags with Defective Inflators.

24. Despite the foregoing, Defendants manufactured the Vehicle and equipped it with a Takata airbag employing the Defective Inflator.

25. The Defective Inflators rose to the level of necessitating investigation by the National Highway Traffic Safety Administration ("NHTSA"), ultimately resulting in recalls of tens of millions of vehicles.

26. Upon information and belief, the Vehicle was subject to a May 27, 2015 recall. Plaintiff, however, never received notice of the recall and had no knowledge of the dangerous condition.

27. Plaintiff's first knowledge of the recall occurred several months *after* her crash – on or about January 27, 2017, when her grandmother received a recall notice from Casa Ford Lincoln in El Paso, Texas.

**FIRST CLAIM FOR RELIEF**

**(Strict Products Liability)**

28. Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

29. Defendants Takata, TK, and Ford (collectively, "Defendants") were each and all responsible for the design, assembly, fabrication, production, construction, or preparation of the Vehicle and/or a component part (i.e., the airbag system) prior to its sale to Plaintiff's grandmother.

30. The products Defendants manufactured (i.e., the Vehicle and airbag system) was defective and unreasonably dangerous at the time it left Defendants' respectful control.

31. The airbag system's defect helped produce Plaintiff's injuries. Plaintiff's injuries would not have happened without the defect.

32. As a result of the foregoing, Plaintiff suffered damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**

**(Products Liability, Failure to Warn)**

33. Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

34. Defendants Takata, TK, and Ford (collectively, "Defendants") were each and all responsible for the design, assembly, fabrication, production, construction, or

preparation of the Vehicle and/or a component part (i.e., the airbag system) prior to its sale to Plaintiff's mother.

35. Despite knowing of the Defective Ignitor's dangerous condition before the sale to Plaintiff's mother, Defendants failed to warn her of that condition: Plaintiff was not aware of any recall to the Vehicle until January 27, 2017 months *after* the Accident.

36. Upon information and belief, Defendants never sent a single recall notice to Plaintiff's grandmother. Even if they had, however, it is nonetheless foreseeable that someone other than the owner of the Vehicle would drive the Vehicle. Despite this, Defendants failed to widely publicize the recall in a manner that provided Plaintiff of notice of the dangers posed by the Vehicle and the Defective Ignitor with which its airbag system was equipped.

## THIRD CLAIM FOR RELIEF
### (Punitive Damages)

37. Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

38. For over a decade prior to the Accident – and prior to manufacture and sale of the Vehicle – Defendants had actual knowledge of injuries being caused by its defective airbags.

39. Defendants were aware that that ammonium nitrate was an unstable compound that, combined with the Defective Ignitor, could pose a danger to drivers.

40. Despite its actual knowledge of the dangers posed by its product, Defendants took efforts to secrete the evidence of those dangers; refused to admit that the litany of injury reports were indicative of a larger problem; consistently resisted efforts by federal authorities for a broader recall; and failed to publicly acknowledge the breadth of the dangers posed by these products for years.

41.     Upon information and belief, Defendants engaged in the above acts and omissions for the specific purpose of maximizing profit, and did so with actual malice and reckless disregard for the injuries that may result from their actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Veronica Pacheco hereby requests that the Court enter judgment against Defendants Takata Corporation, TK Holdings, and Ford Motor Company as follows:

    A.    For general and special damages in an amount sufficient to compensate Ms. Pacheco for her losses;

    B.    For punitive damages as provided by law;

    C.    For prejudgment interest on all liquidated sums;

    D.    For attorneys' fees as provided by law;

    E.    For Ms. Pacheco's costs and other expenses incurred in this action; and,

    F.    Such other and further relief as the Court deems just.

**DATED** this 16th day of July, 2018.

                      THE PEOPLE'S LAW FIRM, PLC
                      645 North 4th Avenue, Suite A
                      Phoenix, Arizona  85003


                      By: /s/ Stephen D. Benedetto
                           Stephen D. Benedetto